UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LYNN STAGGS,<br><br>Plaintiff,<br><br>v.<br><br>P. KELLY, et al.,<br><br>Defendants. | No. 2:18-cv-2843 KJN P<br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff alleges the following. As a result of a memo dated July 25, 2017, defendant Lt. E. Eck-Scotland (and acting captain) directed the filing of false rules violations against plaintiff in an attempt to have plaintiff removed from the Men's Advisory Council ("MAC"). Plaintiff alleges that Sgt. J. Hagerman fabricated the rules violation reports ("RVR"). Defendant B. Yarrow was assigned as plaintiff's investigative employee ("IE"), and Yarrow took plaintiff's questions to Eck-Scotland prior to the hearing and decided the answers prior to the hearing. At the hearing, defendant Eck-Scotland denied plaintiff's request for witnesses at the hearing. Plaintiff was found guilty, assessed 60 days loss of dayroom and 60 days loss of night-yard; 30 days loss of credit, and was referred to Unit Classification for removal from MAC. Plaintiff filed an appeal challenging the guilty finding and was granted a rehearing. Defendant Correctional Officer J. Ellis, Jr., was assigned plaintiff's IE for the rehearing, and Ellis also took plaintiff's questions to the lieutenant. Plaintiff seeks, inter alia, money damages.

IV. Discussion

First, plaintiff included no charging allegations as to Sgt. P. Kelly.

Second, plaintiff fails to state a claim as to defendants Yarrow and Ellis. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense;

(3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. Confrontation and cross examination are not generally required. Id. at 567.

Regarding legal assistance, the law distinguishes between staff assistants and investigative employees. A staff assistant, when assigned, is responsible for informing the inmate of his rights and of the disciplinary hearing procedures, advising and assisting the inmate in preparation for the hearing, and representing the inmate's position at the hearing. Cal. Code Regs. tit. 15, § 3318(b). An investigative employee, when assigned, is responsible for interviewing the charged inmate, gathering information, questioning staff and inmates with relevant information, and screening prospective witnesses. Cal. Code. Regs. tit. 15, § 3318(a).

Plaintiff alleges that defendants Yarrow and Ellis were investigating employees. Unlike a staff assistant, an investigative employee is appointed to assist the hearing officer, not the inmate. Cal. Code Regs. tit. 15, § 3318(a). There is no federally recognized constitutional right to an Investigative Employee. Larkin v. Davey, 2015 WL 1440616, at *6 (E.D. Cal. Mar. 27, 2015) ("[T]here is no right to a thorough investigative report or even an investigation, nor even a right to assignment of an investigative employee, which was provided to petitioner in this case."); Fuqua v. Swarthout, 2013 WL 5493373, *5 (E.D. Cal. Oct. 2, 2013) (no right to investigative employee); Tolliver v. Santoro, 2016 WL 8732347, at *11 (C.D. Cal. May 20, 2016), report and recommendation adopted, 2016 WL 4035958 (C.D. Cal. July 8, 2016) ("[T]he Court has been unable to locate, any authority, federal or otherwise, establishing that an inmate is guaranteed the effective assistance of his assigned investigative employee.")

Because plaintiff had no constitutional right to an investigative employee, his claims against defendants Yarrow and Ellis do not state colorable due process claims. Accordingly, plaintiff should not renew such claims in any amended complaint.

////

1          Third, it is does not appear that plaintiff can state a colorable claim against Sgt. J.
2   Hagerman.
3          The Supreme Court has held that the procedural protections guaranteed by the Fourteenth
4   Amendment Due Process Clause only apply when a constitutionally protected liberty or property
5   interest is at stake. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The Due Process Clause
6   itself does not give prisoners a liberty interest in avoiding transfer to more adverse conditions of
7   confinement. See Meachum v. Fano, 427 U.S. 215, 225 (1976). However, states may create
8   liberty interests which are protected by the Due Process Clause. These circumstances generally
9   involve a change in condition of confinement that imposes an "atypical and significant hardship
10  on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S.
11  472, 484 (1995).
12         "[D]istrict courts throughout California have determined that a prisoner's allegation that
13  prison officials issued a false disciplinary charge against him fails to state a cognizable claim for
14  relief under § 1983." Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009)
15  (collecting cases), aff'd, 393 F. App'x 488 (9th Cir. 2010).
16         Plaintiff's sole allegation as to defendant Hagerman is that Hagerman fabricated the RVR.
17  Because plaintiff does not have a liberty interest in the right to be free from false charges,
18  plaintiff's claim as to defendant Hagerman fails to state a cognizable claim.
19         However, as to defendant Eck-Scotland, plaintiff may be able to state a colorable due
20  process claim based on the denial of his request to call witnesses and that Eck-Scotland's decision
21  finding plaintiff guilty was not supported by adequate evidence.[1] Because plaintiff was
22  subsequently found not guilty at a rehearing, plaintiff must identify how the initial disciplinary
23  action imposed an atypical and significant hardship. Such hardship does not include the
24  speculative hardship plaintiff identified, i.e. that the RVR would impact his ability to parole, or

---

[1] Due process is satisfied where there is "some evidence" in the record as a whole which supports the decision of the hearing officer. See Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, the "some evidence" standard does not apply where a prisoner alleges the rules violation report is false. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997).

that it could have resulted in his dismissal from the MAC. Rather, plaintiff must specifically identify the hardships he suffered as a result of the initial RVR hearing decision to which he was subjected, if any, prior to the rehearing decision.

V. Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith,

507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Miscellaneous

Plaintiff provided proposed summons. Plaintiff is advised that once the court determines he has a pleading containing cognizable civil rights claims, the court will direct service on the appropriate defendant.

VII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached

7

Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 27, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stag2843.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LYNN STAGGS,<br><br>        Plaintiff,<br><br>   v.<br><br>P. KELLY, et al.,<br><br>        Defendants. | No. 2:18-cv-2843 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____     Amended Complaint

DATED:

                                                _____
                                                Plaintiff