UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LYNN STAGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>P. KELLY, et al.,<br><br>    Defendants. | No. 2:18-cv-2843 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is now before the court. As discussed, the undersigned recommends this case be dismissed.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
8  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
9  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
10 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
11 this standard, the court must accept as true the allegations of the complaint in question, Hosp.
12 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
13 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
14 McKeithen, 395 U.S. 411, 421 (1969).

15 Plaintiff's Second Amended Complaint

16       Rather than amend the pleading to pursue putative due process claims against defendant
17 Eck-Scotland identified in the last screening order (ECF No. 23 at 10), plaintiff again pursues his
18 claims based on alleged false disciplinary charges, but now does so in the context of an alleged
19 conspiracy.  Plaintiff alleges that defendants Eck-Scotland, J. Hagerman, B. Yarrow, and J. Ellis
20 conspired to violate plaintiff's constitutional rights in violation of his right to due process and
21 equal protection.  Plaintiff claims the defendants conspired to write two false disciplinary reports,
22 falsifying the names of reporting staff members, and failed to properly investigate or perform
23 their roles as investigative employees during the disciplinary hearings in order to remove plaintiff
24 from the Men's Advisory Council ("MAC").  As a result, plaintiff was denied (a) dayroom time,
25 during which his mother died, depriving plaintiff of the opportunity to speak with his family;
26 (b) any games; (c) recreation time on the facility yard; (d) canteen; (e) gym; and (f) library access,
27 ////
28 ////

and he sustained the loss of 60 days credit.[1]  (ECF No. 23 at 3.)

Liberally construed, plaintiff attempts to raise a conspiracy claim under 42 U.S.C. § 1985. Section 1985 creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). Thus, to state a violation of § 1985(3), a plaintiff must "allege and prove four elements":

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Fazaga v. Fed. Bureau of Investigation, 916 F.3d 1202, 1245 (9th Cir. 2019) (quoting United Bhd. Of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). In his amended pleading, plaintiff does not allege "invidiously discriminatory, racial or class-based animus, which is necessary to state a claim under section 1985(3)." Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989).  Rather, plaintiff contends defendants' actions were taken for the sole purpose of removing plaintiff from the MAC.  Accordingly, plaintiff's conspiracy claims pursuant to 42 U.S.C. § 1985, must be dismissed.

As plaintiff was previously informed, plaintiff's underlying allegations that defendants brought false charges in two prison disciplinary proceedings are insufficient to state a claim for deprivation of a federal right under section 1983. "[D]istrict courts throughout California have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983." Harper v. Costa, No. CIV S-07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) (collecting cases), aff'd, 393 F. App'x 488 (9th Cir. 2010).

For all of the above reasons, plaintiff's second amended complaint should be dismissed. Moreover, plaintiff has been granted multiple opportunities in which to attempt to state

---

[1] As stated in the court's initial screening order, plaintiff was subsequently found not guilty at a rehearing. (ECF No. 13 at 5.)

1 cognizable civil rights claims but has failed to do so.  Therefore, it appears it would be futile to
2 grant plaintiff further leave to amend.  See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522,
3 532 (9th Cir. 2008) (affirming denial of leave to amend where the complaint could not be saved
4 by amendment); Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings
5 are to be liberally construed, a plaintiff is still required to present factual allegations sufficient to
6 state a plausible claim for relief).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 17, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stag1843.56